# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Hilary Noland,**

      **Plaintiff,**

**v.**                                     **Case No. 10-2140-JWL**

**Enterprise Holdings, Inc. et al,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this suit against defendants alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., based on defendants' alleged misclassification of plaintiff as an exempt employee for overtime purposes. This matter is presently before the court on defendant Enterprise Holdings, Inc.'s motion to dismiss for lack of personal jurisdiction (doc. 13). In its motion, defendant also notes that a number of cases raising similar allegations of misclassification have been coordinated for pretrial proceedings in the Western District of Pennsylvania by the United States Judicial Panel on Multidistrict Litigation. Indeed, defendant represents that the MDL panel has issued a conditional transfer order with respect to this case, that plaintiff has filed an objection to that order, and that plaintiff's objection is presently pending before the MDL panel. As an alternative to its motion to dismiss, then, defendant requests that the court stay this case under the MDL panel resolves plaintiff's objection to the conditional transfer order. As will be explained, the court concludes that it is appropriate to stay this case pending the resolution of plaintiff's objection to the

conditional transfer order.

Courts frequently grant stays when an MDL decision is pending, particularly when the plaintiff would not be prejudiced by a slight delay. *Cajun Offshore Charters, LLC v. BP Prods. North America, Inc.*, 2010 WL 2160292, at *2 (E.D. La. May 25, 2010) (citing cases). When, as here, the MDL panel has already issued a conditional transfer order, the majority of courts have concluded that it is appropriate to stay the case pending a final decision by the MDL panel because the delay is typically brief and a stay would further the aim of judicial efficiency. *See Maiben v. CSX Transp., Inc.*, 2009 WL 1211186, at *1 (S.D. Ala. May 1, 2009) (granting stay after issuance of conditional transfer order); *Sanborn v. Asbestos Corp., Ltd.*, 2009 WL 195922, at *2 (N.D. Cal. Jan. 27, 2009) (sua sponte staying case after issuance of conditional transfer order because final decision was "likely to be made soon" and prejudice to plaintiffs was "minimal"); *Kavalir v. Medtronic*, 2007 WL 1225358, at *4 (N.D. Ill. Apr. 19, 2007) (granting stay after issuance of conditional transfer order); *Johnson v. Merck & Co.*, 2007 WL 754882, at *2 (N.D. Cal. Mar. 8, 2007) (same, citing "minimal" delay); *Kennedy v. Novartis Pharm., Corp.*, 2002 WL 31051601, at *1 (E.D. La. Sept. 12, 2001) (staying case where MDL panel had already ordered a conditional order of transfer and court anticipated a three- to four-week delay); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (same).

At first blush, a stay might seem unnecessary and unwarranted given the nature of defendant's motion–a motion to dismiss for lack of personal jurisdiction–and the likelihood that the motion would raise issues unique to Kansas law and not common to the actions consolidated in the Western District of Pennsylvania such that any risk of inconsistent rulings would be slight.

But defendant's motion to dismiss is based, in substantial part, on its assertion that it–a Missouri-based company–operates as a separate and distinct entity from its Kansas subsidiary, the other defendant in this case. Significantly, when opposing centralization before the MDL panel, defendant made the same argument–albeit outside the context of personal jurisdiction–and urged that "the actions do not share factual issues, because individual Enterprise subsidiaries–unique to each state–employed the assistant branch managers and were responsible for classifying them as exempt and ensuring compliance with the FLSA." *In re Enterprise Rent-a-Car Wage & Hour Employment Practices Lit.*, 626 F. Supp.2d 1325, 1325 (JPML June 10, 2009). The MDL panel rejected that argument, concluding that "the involvement *vel non* of Missouri-based Enterprise Rent-A-Car Co., Inc., in overseeing its subsidiaries and, in particular, setting policies affecting the employment of assistant managers is, in fact, an open question common to the actions in the litigation." *Id.* at 1325-26.[1] Thus, the factual issues underlying defendant's motion to dismiss for lack of personal jurisdiction may overlap significantly with factual issues in the MDL action such that the court concludes that staying the case pending a final decision on the transfer of this case is appropriate.

The court also notes that plaintiff does not identify any prejudice that she might suffer if the court stays this case pending a final decision by the MDL panel. In fact, she does not expressly oppose defendant's alternative motion to stay the case. Rather, plaintiff simply notes that she opposed the conditional transfer order because her case presents factual circumstances

---

[1] The record reflects that defendant Enterprise Holdings, Inc. was formerly known as Enterprise Rent-a-Car Company.

that are significantly different from the facts alleged in the MDL litigation. No one disputes that a final decision from the MDL panel will likely be issued within the next several weeks. For the foregoing reasons, then, the court stays this case pending a final decision from the MDL panel on the transfer of this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the proceedings in this case are stayed until a final decision regarding transfer is rendered by the MDL panel. Should transfer not be ordered by the MDL panel, the court will resolve defendant's motion to dismiss for lack of personal jurisdiction as soon as practicable. Defendant shall notify the court as soon as it learns of the MDL panel's final decision, or no later than August 27, 2010, whichever comes first. If no final decision has issued by August 27, 2010, the court will reassess the stay in this case.

**IT IS SO ORDERED.**

Dated this 22nd day of June, 2010, at Kansas City, Kansas.

                                         s/ John W. Lungstrum
                                         John W. Lungstrum
                                         United States District Judge